**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LYNDA TANIELU,

                    Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

                    Defendant-Appellee.

No.   19-35124

D.C. No. 3:18-cv-05100-TSZ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted March 2, 2021
Seattle, Washington

Before:  RAWLINSON and BYBEE, Circuit Judges, and MOSKOWITZ,** District
Judge.

        Appellant Lynda Tanielu (Tanielu) appeals the district court's order

affirming the denial of Supplemental Security Income benefits by Appellee

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The Honorable Barry Ted Moskowitz, United States District Judge for
the Southern District of California, sitting by designation.

Commissioner of Social Security. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the Commissioner's denial of benefits.

Substantial evidence supports the determination of the administrative law judge (ALJ) that Tanielu was not disabled because she was capable of performing sedentary work with certain limitations resulting from her physical and mental impairments. Although the ALJ arguably erred in discounting the opinions of two examining psychologists on the basis of Tanielu's self-reporting, *see Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017), the ALJ nonetheless provided additional specific and legitimate reasons for providing "limited weight" to these opinions. These reasons included Tanielu's routine and conservative mental health treatment, successful use of medication for her mental condition, and the more recent opinion of an examining psychologist who determined that Tanielu was capable of performing an array of daily activities. Specifically, that psychologist determined that her "thought process appeared clear and intact during the evaluation;" she did not have a history of psychiatric hospitalizations; she acknowledged that her medication "helps her mood;" and she "could not tell [the examining psychologist] the last time she had a major depressive episode." *See Ford v. Saul*, 950 F.3d 1141, 1155-56 (9th Cir. 2020) (explaining that "[i]f the opinion of an examining doctor is contradicted by another doctor, it can only be

2

rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and that "the court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation") (citations, alteration, and internal quotation marks omitted).

The ALJ did not err in considering the evaluation performed by an advanced registered nurse practitioner (ARNP). Although the ALJ did not explicitly reference the ARNP 's statement that Tanielu would be unable to engage in full-time employment for six months, the ALJ's residual functional capacity (RFC) finding was consistent with the opinion of an examining physician that Tanielu was able to perform light work. The ALJ adopted an even more cautious approach, determining that performance of light work might exceed Tanielu's capabilities, and assessing a RFC for less demanding sedentary work. As a result, the ARNP's statement concerning the extent of Tanielu's disability was not dispositive in light of the other medical evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (articulating that "the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination") (citation and internal quotation marks omitted). Substantial evidence supports the ALJ's determination that Tanielu's physical impairments did not prevent her from

3

performing sedentary work with certain limitations. The ALJ reviewed the records of each medical provider and resolved any discrepancies in the medical opinions. *See Ahearn v. Saul*, No. 19-35774, – F.3d –, 2021 WL 609825, at \*2 (9th Cir. Feb. 17, 2021) (stating that "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," and "we reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole") (citations and alteration omitted).

The ALJ also provided the requisite "specific, clear, and convincing reasons" for discounting Tanielu's testimony that her physical and mental impairments entirely precluded her from engaging in work activities. *Tommasetti*, 533 F.3d at 1039 (citation omitted). Substantial evidence supports the ALJ's determination that Tanielu "received very little treatment overall" for her mental condition, and the objective medical evidence did not support Tanielu's testimony concerning the severity of her impairments. Tanielu acknowledged that her depression medication was working, and the mental health treatment notes do not support the severe limitations to which Tanielu testified. *See id.* (recognizing that conservative medical treatment is a clear and convincing reason to discount testimony regarding severity of an impairment).

**AFFIRMED.**

4